UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LAWRENCE RAY PITTMAN**                                    **CIVIL ACTION**

**VERSUS**                                                  **NO. 09-7557**

**LYNETTE CONERLY, COURT**                                  **SECTION: "D"(1)**
**REPORTER, ET AL.**

## REPORT AND RECOMMENDATION

Plaintiff, Lawrence Ray Pittman, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Court Reporter Lynette Conerly, Judge Jerome Winsberg, and Judge Sharon Hunter. In this lawsuit, plaintiff claims that his constitutional rights were violated when he was not provided with a transcript of the jury instructions from his state criminal trial. As relief, he seeks monetary damages.

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that the complaint should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

## II. Facts

On March 21, 1989, in a jury trial with Judge Jerome Winsberg presiding, plaintiff was convicted of two counts of armed robbery and two counts of attempted first degree murder. An appeal was filed, and Judge Winsberg ordered that plaintiff be provided with a copy of the entire state court record for his use in connection with his direct appeal. Plaintiff contends that the record provided by the court reporter, Lynette Conerly, did not include a transcription of the jury instructions. Plaintiff's convictions were affirmed on appeal. State v. Pittman, 604 So.2d 172 (La. App. 4th Cir. 1992), writ denied, 610 So.2d 796 (La. 1993).

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Plaintiff thereafter sought post-conviction relief in the state courts. In connection with those proceedings, plaintiff specifically requested a transcription of the jury instructions. Judge Sharon Hunter granted that request; however, Conerly again failed to provide plaintiff with a copy of the jury instructions. Plaintiff was ultimately denied post-conviction relief. State *ex rel.* Pittman v. State, 745 So.2d 17 (La. 1999).

Plaintiff then filed a federal *habeas corpus* petition challenging his convictions. That federal petition was dismissed. Pittman v. Cain, Civ. Action No. 99-2396 (E.D. La. Mar. 30, 2000), aff'd, No. 00-30440, 2001 WL 43569 (5th Cir. Jan. 11, 2001), cert. denied, 532 U.S. 982 (2001).

### III. Plaintiff's Claims

#### A. Prescription

As a preliminary matter, it appears that plaintiff's claims are prescribed. "[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008); La. Civ. Code Ann. art. 3492. "Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Price v. City of San Antonio, Texas, 431 F.3d 890, 893 (5th Cir. 2005) (quotation marks omitted); see also Smith, 2008 WL 2951279, at *1.

In this case, plaintiff claims that his rights were violated in the 1990s by defendants' failure to ensure that he was provided with a transcript of the jury instructions. He opines that, as a result

4

of that failure, he was unable to adequately pursue his claim challenging the jury instructions on direct appeal, in the state post-conviction proceedings, and in the federal *habeas corpus* proceedings. Those proceedings, however, were concluded long ago, with the United States Supreme Court finally denying relief on April 16, 2001. Pittman v. Cain, 532 U.S. 982 (2001). Plaintiff waited to file this federal complaint until November 23, 2009,[2] many years after his claims accrued. Accordingly, his claims prescribed long before the instant lawsuit was filed. A complaint asserting prescribed claims is properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2; Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322 (E.D. La. Aug. 13, 2007).

Nevertheless, even if plaintiff's claims are found not to be prescribed, they are still subject to dismissal for the following reasons.

### B. The Judges

As noted, Judges Jerome Winsberg and Sharon Hunter are the state court judges who presided over plaintiff's state criminal proceedings. Although both judges ordered that plaintiff be given the transcript in question, he faults the judges for not actively monitoring the case to ensure that he did in fact receive it. However, even if Judges Winsberg and Hunter failed to perform their

---

[2] A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date of the complaint was signed, November 23, 2009.

5

duties adequately, a fact by no means apparent from plaintiff's allegations,[3] they nevertheless cannot be held liable for damages in this federal civil rights action for the following reasons.

To the extent that plaintiff is suing judges in their individual capacities, the claims are barred by the judges' absolute judicial immunity. It has long been held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871); see also Brandley v. Keeshan, 64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981) ("[W]e can envision no situation – where a judge acts after he is approached *qua* judge by parties to a case – that could possibly spawn a successful § 1983 suit."). The United States Supreme Court has explained: "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11 (1991). Further, judicial immunity is clearly applicable in federal civil rights cases. Stump v. Steward, 435 U.S. 349, 356 (1978); Pierson v. Ray, 386 U.S. 547, 554-55 (1967).

---

[3] Plaintiff does not allege that he made the judges aware, by motion or otherwise, that the court reporter failed to comply with their orders. This Court rejects any suggestion that judges are under a constitutional obligation to continually monitor their dockets *sua sponte* to ensure that every order they issue is in fact followed.

The Supreme Court has recognized only two instances in which judicial immunity is inapplicable:

> [O]ur cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

Mireles, 502 U.S. at 11-12 (citations omitted). Neither of those exceptions applies in this case.

Regarding the first exception, the Supreme Court has explained:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

Stump, 435 U.S. at 362. The acts at issue here obviously involved a function normally performed by a judge. Further, plaintiff was clearly dealing with the judges in their judicial capacity.

Regarding the second exception, there is no question that the judges had jurisdiction over plaintiff's criminal proceedings in the Orleans Parish Criminal District Court.

Accordingly, for the foregoing reasons, any claims against Judges Winsberg and Hunter in their individual capacities for monetary damages are barred by their absolute judicial immunity.

To the extent that plaintiff is suing Judges Winsberg and Hunter in their official capacities for monetary damages, those claims are likewise barred for two reasons.

First, Judges Winsberg and Hunter are state court judges. A state official in his or her official capacity is not a "person" amenable to suit for damages under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see also Arizonans for Official English v.

Arizona, 520 U.S. 43, 69 n.24 (1997); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009).

Second, a judgment against the judges in their official capacities would be satisfied out of the state treasury. La.Rev.Stat.Ann. § 13:5108.1. Because official-capacity claims against judges are therefore in reality claims against the state itself, any such claim is barred by the Eleventh Amendment. Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); McCloud, 2009 WL 2515609, at *5; Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009); see also Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").[4]

---

[4] The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002). The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> 
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Id. at 281 (quotation marks and citations omitted).

## C. Court Reporter Lynette Conerly

Unlike judges, a court reporter is not protected by absolute immunity;[5] however, the claim against Conerly nevertheless still fails. In order to have an actionable claim against Conerly, plaintiff must be able to establish that he suffered harm resulting from her actions or inactions. See Chi v. Quarterman, 223 Fed. App'x 435, 440 (5th Cir. 2007). For the following reasons, it is clear that plaintiff suffered no harm from Conerly's failure to transcribe the jury instructions.

On direct appeal, plaintiff was represented by counsel. His counsel urged only a single claim on appeal, i.e. that there was insufficient evidence to support petitioner's conviction. State v. Pittman, 604 So.2d 172, 175 (La. App. 4th Cir. 1992). A transcript of the jury instructions obviously was not needed for that claim, and plaintiff therefore suffered no prejudice from his counsel not having such a transcript.

The appellate decision reflects, however, that plaintiff filed a *pro se* supplemental brief setting forth additional assignment of errors. The Louisiana Fourth Circuit Court of Appeal denied those claims, holding:

> Pittman claims he was denied the effective assistance of counsel. This claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La. 1984). The defendant must show that counsel's performance was deficient and that the deficiency prejudiced him. Counsel's performance is deficient when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Strickland, *supra*, 466 U.S. at 687, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him

---

[5] See Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993). Instead, "[o]fficial court reporters are entitled to qualified immunity under 42 U.S.C. § 1983 if they acted pursuant to their lawful authority and following in good faith the instructions or rules of the Court." Woodall v. Texas, 78 Fed. App'x 953, 954 (5th Cir. 2003).

> of a fair trial. To carry his burden, the defendant must show that there is a reasonable probability that, but for counsel's errors, the result would have been different. The evidence against Pittman was overwhelming. His vague allegations that his first counsel, Jeffrey Smith, "knew nothing of the case", and his assertion that his second counsel "was not prepared" do not meet the standard set forth in Strickland.
>
> Pittman also alleges his counsel on appeal is ineffective because he raised only one assignment of error. Counsel for Pittman adequately raised an assignment of error on appeal by arguing that there was insufficient proof to find Pittman guilty of attempted first degree murder. Although this assignment of error is meritless, counsel fulfilled his obligation by conscientiously raising this issue.
>
> Pittman filed a pro se brief and although it alleges numerous errors, he abandoned many and those that remain are without merit. Pittman raises numerous errors based on alleged procedural defects before, during, and after his trial; such as, – the trial court erred in denying his Motion to Withdraw his Plea of Not Guilty, his Motion to Suppress the Evidence, his Motion to Suppress the Identification, his Motion for a New Trial and his Motion for Arrest of Judgment. Each of these assignments of error have been reviewed and none has merit. Other "assignments of error" have no legal basis, and Pittman has not shown how he was harmed by these alleged errors. These are so frivolous they do not warrant discussion. Others have already been decided in writ applications, and we will not discuss them again.

Pittman, 604 So.2d at 175-76. The Court then also expressly denied plaintiff's additional claim that his sentence was excessive. Id. at 176-77.

From the foregoing, it is unclear whether plaintiff argued in his *pro se* brief that the jury was improperly instructed. However, even if this Court assumes that was among the claims asserted, plaintiff still was not prejudiced by the lack of a transcript. The Court of Appeal expressly held that it had considered all of the claims plaintiff had not abandoned and rejected those claims on the merits. Therefore, it is clear that the Court of Appeal did not need a transcript of the jury instructions to dispose of plaintiff's claims.[6] Accordingly, again, plaintiff cannot establish that he was prejudiced on direct appeal by his lack of such a transcript.

---

[6] Moreover, obviously, if the Court of Appeal had needed a copy of the jury instructions, it could have ordered that they be transcribed.

In the subsequent post-conviction proceedings, petitioner clearly did assert a claim that he was denied due process because the jury was given an unconstitutional jury instruction on the meaning of reasonable doubt under Cage v. Louisiana, 498 U.S. 39 (1990). However, the state courts denied that claim as untimely. State *ex rel.* Pittman v. State v. State, 745 So.2d 17 (La. 1999). Based on that ruling, this Court held that the claim was procedurally barred in the related federal *habeas corpus* proceedings. Pittman v. Cain, Civ. Action No. 99-2396, at pp. 23-25 (E.D. La. Mar. 29, 2000) (McNamara, J.), aff'd, No. 00-30440, 2001 WL 43569 (5th Cir. Jan. 11, 2001), cert. denied, 532 US. 982 (2001). The federal court expressly noted that plaintiff's procedural default was not excused by his inability to obtain a copy of the jury instructions, because he was aware of the claim as early as 1990 before his conviction was even final and "no copy of the instruction was needed to timely file the claim." Id. at p. 25. Accordingly, in that both the state and federal courts rejected plaintiff's claim solely on procedural grounds, he was not prejudiced by his lack of access to a transcript of the jury instructions.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this thirtieth day of December, 2009.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.